**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT PADUCAH**
**CIVIL ACTION NO. 5:24CV-P177-CRS**

**KEVIN MICHAEL OKUM**                                                                       **PETITIONER**

**v.**

**JAILER ADAM SMITH**                                                                          **RESPONDENT**

**MEMORANDUM OPINION**

Petitioner Kevin Michael Okum, proceeding *pro se*, filed the instant 28 U.S.C. § 2254 petition for writ of habeas corpus. The Court reviewed the petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review, the Court directed Okum to show cause why his petition should not be dismissed for failure to exhaust all available state court remedies. Okum did not file a response to the Show Cause Order. Upon review, for the reasons set forth below, the Court will dismiss the petition for failure to exhaust available state court remedies.

**I.**

In the petition, Okum states that he pleaded guilty to multiple counts of theft by deception and deceptive business practices on November 29, 2023, and was given four years' probation. He reports that while on probation he was arrested for possession of a firearm and is now in custody at the Christian County Jail on a probation revocation and his new charge. He states, "I did not and am not appealing my 2023 guilty pleas. I'm appealing my continued pretrial detention for probation violations and 24-cr-317." He states that he filed petitions for habeas corpus in Christian County Circuit Court, which were denied, and that he "submitted a notice of appeal on 11-20-24 to . . . Christian Ct Clerk Page Parker under RAP 52 – pending transmission to appellate court."

## II.

As stated in the show-cause order, the Court construes the petition as a challenge to the revocation of Okum's probation under § 2254. It is axiomatic that one may not seek federal habeas corpus relief until he has exhausted all available state remedies or demonstrated their inadequacies. 28 U.S.C. § 2254(b); *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995) (per curiam). Any alleged constitutional deprivations must be asserted through the state appellate process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, [the Supreme Court] conclude[s] that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id*. The burden is on the petitioner to demonstrate compliance with the exhaustion requirement or that the state procedure would be futile. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

The petition suggests that Okum has not presented his claim in a direct appeal or any other challenge to allow for state court review and that he therefore failed to exhaust his claims. Before dismissing the petition for this reason, the Court provided Okum with an opportunity to show cause why his petition should not be dismissed for failure to exhaust. However, Okum failed to respond to the Court's Show Cause Order. Therefore, the Court finds that Okum has not met his burden to show compliance with the exhaustion requirement or that the state procedure would be futile. Therefore, the Court will dismiss the petition for failure to exhaust by separate Order.

## CERTIFICATE OF APPEALABILITY

In the event that Okum appeals this Court's decision, he is required to obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b). A district court must issue or deny a certificate of appealability and can do so even though the movant has yet to make a request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002).

When a district court denies a motion on procedural grounds without addressing the merits of the motion, a certificate of appealability should issue if the movant shows "that jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the movant should be allowed to proceed further. *Id.* at 484. In such a case, no appeal is warranted. *Id.* This Court is satisfied that no jurists of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

Date:   March 11, 2025

Charles R. Simpson III, Senior Judge
United States District Court

cc:   Petitioner, *pro se*
      Respondent
      Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals, 1024 Capital Center Drive, Frankfort, KY 40601
4411.010